IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
EASTERN (WATERLOO) DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | No. 22-CR-02003-CJW |
| vs. | ) ) | |
| ANDREW DAVID SURPRENANT, | ) ) | |
| Defendant. | ) ) | |

## SENTENCING MEMORANDUM

Sentencing in this matter has been set for Friday, October 21, 2022, at 1:00 p.m. Pursuant to the Court's order setting the sentencing hearing (Doc. 37), the government provides the following information:

**I. Witnesses**

Nicholas Berry – Detective of Tri-County Drug Enforcement Task Force

**II. Exhibits**

None.

**III. Issues**

The Court will need to resolve the following issues at defendant's sentencing: (1) whether the two-level enhancement for the importation of methamphetamine under USSG §2D1.1(b)(5) applies, and (2) whether the three-level enhancement for aggravating role under USSG §3B1.1(b) applies.

### A. The Court Should Impose the Two-Level Enhancement under USSG §2D1.1(b)(5) Because Defendant's Offense Involved the Importation of Methamphetamine

Defendant was heavily involved in a Mexico-based methamphetamine trafficking organization that imported ice methamphetamine into the United States from Mexico. The Court should impose a two-level enhancement under USSG §2D1.1(b)(5) because defendant's offense involved the importation of methamphetamine.

Section 2D1.1(b)(5) of the Guidelines provides, "If (A) the offense involved the importation of amphetamine or methamphetamine or the manufacture of amphetamine or methamphetamine from listed chemicals that the defendant knew were imported unlawfully, and (B) the defendant is not subject to an adjustment under §3B1.2 (Mitigating Role), increase by **2** levels." Defendant is not subject to an adjustment under §3B1.2, so that provision does not apply here.

The Fifth Circuit has held that a defendant who possessed and distributed imported methamphetamine, even absent knowledge that he knew it was imported, is subject to the importation enhancement under USSG §2D1.1(b)(5). *United States v. Serfass*, 684 F.3d 548, 551 (5th Cir. 2012) ("conclud[ing] that the plain language of §2D1.1(b)(5) unambiguously limits the qualification, 'that the defendant knew were imported unlawfully,' to such contraband that was manufactured from one or more of the listed chemicals; it does not apply to 'the importation of amphetamine or methamphetamine,' i.e., the ends products of such manufacturing."). The Eighth Circuit has not yet decided whether §2D1.1(b)(5)'s knowledge requirement applies

to "the importation of amphetamine or methamphetamine," *United States v. Felix-Aguirre*, 824 F. App'x 429, 432 (8th Cir. 2020) (unpublished) (declining to reach the question regarding §2D1.1(b)(5) knowledge requirement because sufficient evidence supported the finding that the defendant knew of the importation); *United States v. Rivera-Mendoza*, 682 F.3d 730, 734 (8th Cir. 2012) (same).

The Court should follow the Fifth Circuit and hold that §2D1.1(b)(5)'s knowledge requirement does not apply to "the importation of amphetamine or methamphetamine," and it should apply the two-level enhancement. Defendant conspired with Daniel Manjarrez, "a high-level drug trafficking from a Mexico-based durg trafficking organization," and defendant does not contest that the offense involved the shipment of methamphetamine from Mexico to several individuals in the Northern District of Iowa, including defendant. (PSIR, at ¶4.) The Court should apply the two-level enhancement under USSG §2D1.1(b)(5).

### B. The Court Should Impose the Three-Level Enhancement for Aggravating Role under USSG § 3B1.1(b)

Since defendant was a manager or supervisor in the instant conspiracy, the Court should apply the three-level enhancement for aggravating role under USSG §3B1.1(b).

Section 3B1.1(b) provides that, "If the defendant was a manager or supervisor (but not an organizer or leader) and the criminal activity involved five or more participants or was otherwise extensive, increase by **3** levels." The factors the Court should consider include

3

> the exercise of decision making authority, the nature of participation in the commission of the offense, the recruitment of accomplices, the claimed right to a larger share of the fruits of the crime, the degree of participation in planning or organizing the offense, the nature and scope of the illegal activity, and the degree of control and authority exercised over others.

USSG §3B1.1 cmt. n. 4.

Here, defendant supervised and managed the activities of several individuals in the conspiracy, including M.H., M.S., K.F., and S.M., to make wire transfers (drug proceeds) on his behalf to addresses in Culiacán, Sinaloa, Mexico; and other individuals to receive drug packages on his behalf that were sent by other members of the conspiracy to Waterloo. (PSIR, at ¶5.)

As such, since defendant was a manager or supervisor of criminal activity that involved five or more participants or was otherwise extensive, the Court should apply the three-level enhancement.

## C. CONCLUSION

For the reasons stated above, the Court should impose the two-level enhancement under USSG §§2D1.1(b)(5) and impose the three-level enhancement for aggravating role under USSG §3B1.1(b).

Respectfully submitted,

TIMOTHY T. DUAX
United States Attorney

By: */s/ Dillan Edwards*

DILLAN EDWARDS
Assistant United States Attorney
111 7th Avenue SE, Box 1
Cedar Rapids, IA 52401-2101
(319) 363-6333
(319) 363-1990 (Fax)
dillan.edwards@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2022, I electronically filed the foregoing with the Clerk of Court using the ECF system which will send notification of such filing to the parties or attorneys of record.

UNITED STATES ATTORNEY

BY:  /s/   DRE